IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE, v. DENNIS O. DICKERSON.

**Circuit Court for Rutherford County**
**No. M-45951**

———————————

**No. M1999-00606-CCA-R3-CD - Decided April 7, 2000**

———————————

**ORDER**

A Rutherford County jury convicted the appellant, Dennis O. Dickerson, of driving under the influence, sixth offense. The trial court sentenced the appellant to eleven (11) months and twenty-nine (29) days, suspended after service of 210 days in the county jail. On appeal, the appellant challenges the sufficiency of the convicting evidence. We affirm pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

At approximately 10:30 p.m. on March 23, 1998, officers with the Rutherford County Sheriff's Department were dispatched to the scene of a possible accident.[1] The officers discovered a vehicle sitting across a residential driveway, and the appellant was in the driver's seat of the automobile. The appellant's speech was "incoherent," and an open beer container was found inside the vehicle. The officers opined that the appellant was too intoxicated to be able to perform field sobriety tests. Although the appellant boasted about the amount of alcohol he had consumed, he refused to consent to a blood alcohol test.

The appellant argues that the evidence was insufficient to establish that he was driving under the influence of an intoxicant. He contends that the state failed to present proof that he had driven or was in physical control of the vehicle.

Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). The driving under the influence statute provides that it is unlawful "for any person to drive or to be in physical control of any automobile . . . while . . . [u]nder the influence

———————————

[1]There was no verbatim transcript of the proceedings available. The appellant filed a statement of the evidence pursuant to Tenn. R. App. P. 24(c). No objections were filed by the state. Although the trial judge did not approve the statement, it is deemed approved when the trial judge takes no action within 30 days after expiration of the period for filing objections. Tenn. R. App. P. 24(f).

of any intoxicant." Tenn. Code Ann. § 55-10-401(a)(1).

Although the appellant claims that there is no evidence in the record to support a finding that he had driven the vehicle, the jury could have reasonably concluded otherwise in that the appellant was found in the driver's seat of the vehicle, and no other person was found at the scene. Secondly, the evidence is clearly sufficient to establish that appellant was in "physical control" over the vehicle. *See* State v. Lawrence, 849 S.W.2d 761, 763 (Tenn. 1993). The appellant was found in the driver's seat of the vehicle, and there is no evidence in the record before this Court that the vehicle was incapable of being driven from the scene.[2]

After hearing the proof in this case, the jury found appellant guilty of driving under the influence. Because the evidence is legally sufficient to support the appellant's conviction, this Court may not overturn the jury's assessment in this regard. This issue has no merit.

It is, therefore, ordered that the judgment of the trial court is affirmed pursuant to Tennessee Court of Criminal Appeals Rule 20. Costs of this appeal will be paid by the State of Tennessee, as it appears that the appellant is indigent.

Per Curiam

Jerry L. Smith
David G. Hayes
Norma McGee Ogle

---

[2] Although the vehicle was towed from the scene, this fact, in and of itself, does not establish that the vehicle was incapable of being driven. State v. David Lee Bellamy, C.C.A. No. 03C01-9612-CR-00476, 1998 Tenn. Crim. App. LEXIS, at *4, Sullivan County (Tenn. Crim. App. filed March 3, 1998, at Knoxville).